IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-01246-SKC-KAS

ZACHARY ARIAS,

        Plaintiff,

v.

BRUCE NEWMAN, *et al.*,

        Defendants.

---

**ORDER STRIKING SECOND AMENDED COMPLAINT**

---

In a previous Order granting the Defendants' Motion for More Definite Statement (Dkt. 78), the Court observed that except for a handful of allegations, the First Amended Complaint referenced the individual Defendants *en mass* as either "Defendants" or as a list of their names without specifying what actions they individually took. Dkt. 79. Finding this to be entirely insufficient, the Court ordered Plaintiff to review the Defendants' list of purported Rule 8 violations and file an amended complaint addressing those pleading deficits. *Id.*

Instead of rectifying the matter, however, Plaintiff's Second Amended Complaint simply exchanged the collective references to "Defendants" for repeated lists of the individual Defendants' names:

> 28.26. The individual capacity defendants Defendants Romero, Trujillo, Doney, Green, and Mondragon also observed significant dark brown and yellow discoloration on the gum line, which they knew was an obvious sign of infection.

1

Dkt. 87-1, p.7. This solves nothing.

It is of zero utility to simply switch out the word "Defendants" with a list of names. We already know the Defendants' names. What we do not know is what they did *as individuals* to warrant being included in this lawsuit. Take the foregoing allegation for example. Although the named Defendants allegedly observed the discoloration of Plaintiff's teeth, there are no supporting facts to make this allegation anything more than a conclusory assertion. Instead of clarity, the Court and the Defendants are still left with more questions than answers, such as: When did the individual defendants make these observations? Under what circumstances? Did they make these observations on their own or as a group? These are the sorts of details required to satisfy not only the minimal pleading standard of Rule 8, but also the more specific pleading requirements of a claim for deliberate indifference to a serious medical need. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

And these "amendments" are particularly egregious because, as noted above, the Court already advised Plaintiff that simply listing names of defendants is impermissible. *See* Dkt. 79 ("[T]he individual Defendants are referred to *en masse* as either "Defendants" *or a list of their individual names* without specifying what actions they each took. Pleading of this sort makes it impossible for each Defendant to know what they are alleged to have done.") (emphasis added). Continued reliance on group pleading requires the Court to guess as to which Defendants are charged with what specific conduct. It will not do so. *Carrado v. Daimler AG,* No. 17-cv-3080-

2

WJM-SKC, 2018 WL 4565562, at *3 (D. Colo. Sept. 24, 2018) ("Group pleading violates Rule 8 when a plaintiff fails to distinguish among multiple defendants, including on claims that could not apply to certain defendants.") (citing *Snyder v. ACORD Corp.*, 2016 WL 192270, at *3 (D. Colo. Jan. 15, 2016), *aff'd* 684 F. App'x 710 (10th Cir. 2017) (repeatedly referencing 113 defendants as a group when only a small minority engaged in certain conduct violated Rule 8).

Furthermore, group pleading such as this amounts to little more than a fishing expedition. "Rule 8 does not permit such aimless trawling." *Yamashita v. Scholastic, Inc.*, No. 16-CV-9201 (KBF), 2017 WL 74738, at *2 (S.D.N.Y. Jan. 5, 2017), *aff'd*, 936 F.3d 98 (2d Cir. 2019). Under the Federal Rules of Civil Procedure, a plaintiff is not permitted to cast as wide of a net as possible over potential defendants and then rely on the discovery process to "[search] for evidence to support facts he has not yet pleaded." *Giovanelli v. D. Simmons Gen. Contracting*, Civ. No. 09-1082, 2010 WL 988544, at *5 (D.N.J. Mar. 15, 2010).

*   *   *

Consequently, the Second Amended Complaint and Jury Demand (Dkt. 87) is STRICKEN and the Motions to Dismiss (Dkts. 90, 92) are terminated as MOOT. Given the severity of his alleged injuries, Plaintiff will have ONE more opportunity to make his case. On or before March 13, 2026, Plaintiff shall file an amended pleading that resolves the foregoing issues and complies with Rule 8 once and for all. The Court strongly urges Plaintiff to give great consideration to whether there are specific factual allegations—as opposed to conclusory recitations of the elements of

3

claims—to support his claims against any one of the individual defendants. Should he fail to remedy this persistent issue and again file a pleading rife with group allegations, the Court will dismiss this case with prejudice.

DATED: February 27, 2026.

BY THE COURT

*S. Kato Crews*

S. Kato Crews
United States District Judge
